**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD Y.S. LEE, | No. 06-56703 |
| Plaintiff - Appellee, | D.C. No. CV-02-05172-FMC |
| v. | |
| TRW, INC., a corporation, | |
| Defendant - Appellant. | |

| | |
|---|---|
| EDWARD Y.S. LEE, | No. 06-56704 |
| Plaintiff - Appellant, | D.C. No. CV-02-05172-FMC |
| v. | |
| TRW, INC., a corporation, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

Edward Lee ("Lee") filed suit against TRW Inc. ("TRW") for age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"). Following a trial in district court, the jury found TRW liable under the FEHA, and the jury awarded compensatory and punitive damages to Lee. TRW now appeals the district court's denial of TRW's post-verdict Rule 50(b) motion for judgment as a matter of law. We affirm.

In 1999, Lee was laid off from TRW after more than twenty years of employment with the company. At the time of his layoff, Lee was a test engineer in the Electronic Products Organization ("EPO"), a department within TRW's Electronic Products Center ("EPC"). There were seven test engineers within EPO who were considered for the layoff, and Lee was the oldest.

The head of the EPO, Paul Nakamura ("Nakamura"), oversaw the layoff process. In executing the layoff, Nakamura worked with Rick Eriksen and Steve Mass, two subordinate managers, and with John Molis ("Molis"), the acting section head for test engineers in the EPO. Molis was assigned the task of designing a "skills matrix" to evaluate the seven test engineers and recommend a layoff candidate. Lee was ranked last in this matrix and was selected for layoff. Both

Nakamura and Victor Weaver, the Human Resources Manager for the EPO, signed off on the layoff.

This court reviews a district court's denial of judgment as a matter of law de novo. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002). When reviewing a motion for judgment as a matter of law, the court considers the record as a whole and "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court will instead "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The district court's ruling will be reversed only if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* California state courts look to cases under both federal and state law when applying California's age discrimination statute. *See Guz v. Bechtel Nat'l Inc.,* 24 Cal. 4th 317, 354 (2000).

TRW raises two challenges to the jury verdict. First, TRW claims that there was not substantial evidence to support a finding of liability for age discrimination. In a workforce reduction case, such as this one, a plaintiff can present "circumstantial, statistical, or direct evidence that the discharge occurred under

3

circumstances giving rise to an inference of age discrimination." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).

Reviewing the record as a whole, there is substantial evidence to support the jury's finding of age discrimination. The testimony that Weaver considered Lee's age with regard to the layoff constituted direct evidence of age discrimination. In addition, there was limited statistical evidence indicating that older employees were disproportionately affected by both the employee downgrades and layoffs that occurred in 1999. While this statistical evidence was based on a small sample size, it presented a "numerical picture" that, combined with other evidence, supported an inference of discrimination. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1173 (9th Cir. 2007).

The majority of Lee's evidence of disparate treatment was circumstantial. Lee introduced evidence to show that younger workers were preferred over Lee, creating an inference of age discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008). Among the seven test engineers considered for layoff, Lee was at least twenty years older than five of the six others. The evidence showed that the younger test engineers were rated more favorably than Lee in the skills matrix, despite weaker performance or untested skills.

4

Lee also provided evidence that TRW's proffered reason for selecting Lee—that he ranked lowest in skills as measured by a neutral skills matrix—was pretextual. Lee offered evidence that in deciding to use the skills matrix to choose a layoff candidate, Nakamura and Weaver ignored TRW's own layoff policy. TRW's argument that a "mere failure to follow" internal policies cannot support a discrimination claim is unavailing. *See Guz*, 24 Cal. 4th at 377 (Chin, J., concurring). Here, the evidence showed that the particular criteria in the layoff policy that were ignored would have worked to the direct benefit of Lee. From this evidence, the jury could have rationally concluded that the decision to use the skills matrix only, and to disregard the layoff policy, was motivated by age.

Lee also offered evidence that when executing the layoff documents, Molis left out or misstated several details that were favorable to Lee. While a selection process that is subjective, unwise, or incomplete may not be probative of discriminatory animus, Lee's evidence showed that the errors made as to Lee were not made as to any of the six other layoff candidates, who were all younger than Lee. This more favorable treatment of the younger engineers supports a conclusion that the proffered reason for the selection of Lee was pretextual.

As a whole, the record provides substantial evidence to support both an inference of age discrimination and a finding that TRW's proffered reason for the

5

layoff was a pretext. Accordingly, the district court did not err in denying TRW's motion for judgment as a matter of law on the issue of liability.

TRW's second challenge to the jury verdict is that there is not substantial evidence to support the award of punitive damages. Under California law, in order for a corporate employer to be liable for punitive damages, "an officer, director, or managing agent" must authorize or ratify the act of "oppression, fraud, or malice." Cal. Civ. Code § 3294(b). Whether an employee is a "managing agent" depends on the extent to which the employee exercises "substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 576-77 (1999). To establish that a person is a managing agent, a plaintiff must show "that the employee exercised substantial discretionary authority over significant aspects of a corporation's business." *White*, 21 Cal. 4th at 577; *see also Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1221 (Ct. App. 2009).

There is substantial evidence in the record to support a finding that Nakamura was a managing agent. Nakamura oversaw the entire EPO department. He exercised substantial discretion in upgrading and downgrading employee job levels, and in deciding whether and how to conduct layoffs. These types of decisions affect significant aspects of TRW's business, and demonstrate that

6

Nakamura was a managing agent. Because there is substantial evidence that Nakamura was a managing agent, the district court did not err in denying the motion for judgment as a matter of law on the issue of punitive damages.

TRW's remaining claims, with regard to the economic damages award and the prejudgment interest, were not raised before the district court. As a result, those arguments have been waived on appeal. *See Martinez v. Shinn*, 992 F.2d 997, 1001 (9th Cir. 1993). **AFFIRMED.**

Lee's appeal in docket number 06-56704 is **DISMISSED** for failure to file a timely brief. 9TH CIR. R. 42-1.